**SO ORDERED.**
**SIGNED this 2nd day of February, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

JESSICA NICOLE RAY
fka JESSICA NICOLE HODGES

Case No. 3:25-bk-30987-SHB
Chapter 7

Debtor

## O R D E R

Debtor's counsel paid the $38.00 balance of the filing fee for this Chapter 7 case on January 27, 2026, which is more than four months after the September 18, 2025 deadline stated in the Court's Order entered on August 13, 2025 ("August 13 Order") [Doc. 25], and more than two months after November 17, 2025, which was the 180-day deadline to pay the filing fee imposed by Federal Rule of Bankruptcy Procedure 1006(b)(2).[1] Receipt of this delinquent payment caused the Court to review the docket to discern why the case had not been either dismissed or closed without discharge pursuant to the August 13 Order, which expressly stated that "[f]ailure to timely pay the balance of the filing fee by the due date may result in closing this case without discharge or dismissal of this case without further notice or hearing." [Doc. 25 at ¶ 3.]

---

[1] Because Federal Rule of Bankruptcy Procedure 9006(b)(3) expressly limits the authority to extend time under Rule 1006(b)(2) "only as permitted by [that] rule," courts are without the authority to enter discharge and must either dismiss the case or close the case without entry of discharge. *See, e.g., In re Hicks*, 570 B.R. 291, 292-93 (Bankr. N.D. Ohio 2017) (holding that "the court had no authority to extend the date of the final installment past [the 180th day]").

Because the Court entered an Order Authorizing Employment of Ann Mostoller and the Firm of Mostoller, Stulberg, Allen, Tippett & Banks on July 16, 2025, authorizing Ann Mostoller, the Chapter 7 Trustee, to employ her firm to assist her in pursuing "an action to recover potential preference payments" and "objections to claims" [Doc. 17 at ¶ 2] and the Chapter 7 Trustee has not filed a no distribution report in this case, the Court presumes that there are potential assets to be collected and administered by the Chapter 7 Trustee. The Court, therefore, directs the following:

1. A status hearing will be held on February 19, 2026, at 9:00 a.m., in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker Jr. United States Courthouse, 800 Market Street, Knoxville, Tennessee.

2. Debtor's counsel and the Trustee shall appear.

###